UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SOUL QUEST CHURCH OF MOTHER EARTH, INC., a Florida Domestic Non-Profit Corporation, on its own behalf and on behalf of its members; and CHRISTOPHER YOUNG, individually and as Spiritual Leader of Soul Quest Church of Mother Earth,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, Attorney General of the United States of America; UTTAM DHILLON, acting administrator of the U.S. Drug Enforcement Administration; and the U.S. DRUG ENFORCEMENT ADMINISTRATION,<br><br>Defendants. | Case No. 6:20-cv- |

**AFFIDAVIT OF CHRISTOPHER YOUNG IN SUPPORT OF
PLAINTIFF'S VERIFIED COMPLAINT FOR
<u>DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF AND DAMAGES</u>**

Pursuant to 28 U.S.C. § 1746, I, Christopher Young, state as follows:

1. I am over the age of twenty-one (21) years and have personal knowledge of the facts listed in this affidavit.

2. I am the current spiritual leader of Soul Quest Church of Mother Earth, Inc. [hereinafter "Soul Quest Church"].

3. Soul Quest Church is a Christian syncretic religion based in Orlando, Florida.

4. Soul Quest Church is a registered domestic non-profit corporation incorporated under the laws of the State of Florida, with a principal office located in Orlando, Florida.

5. I have been the spiritual leader of Soul Quest Church since its founding in 2015.

6. I am a natural person who is domiciled in Orlando, Florida.

7. I am the person primarily responsible for receiving and preparing Soul Quest Church's sacramental tea.

8. This sacramental tea is an indispensable component of Soul Quest Church and my own personal, religious beliefs. Drinking this tea is a sincere religious practice.

9. I first came to Soul Quest Church and the Church of Ayahuasca by and through my studies of conventional medicine. I began my career in 1996 by obtaining a certificate in phlebotomy and medical assistance.

10. In 1997, I obtained a certificate in emergency medicine, and would begin working as a technician in emergency rooms.

11. I worked in the field of emergency medicine for four (4) years. However, over time, I began to see how people were being harmed – both physiologically and spiritually – by prescription drugs and its potential abuse.

12. These experiences and observations brought me to commence a study of alternative medicine and spirituality.

13. I studied alternative medicine and spirituality in the United States for five (5) years. Thereafter, in 2012, I continued my studies in Germany.

14. I first heard the call of the Spirit of Ayahuasca during my time in Spain, Where I was invited to the first Ayahuasca conference where I attended many ayahuasca retreats.

15. Following study and understanding of the Ayahuasca Manifesto, I recognized the physical and spiritual healing possibilities to be realized through the Spirit of Ayahuasca. At that point, I felt a spiritual calling to return to the United States with these teachings and healings. I felt the calling to spread the word of the Spirit of Ayahuasca to other potential adherents.

16. In furtherance of this spiritual calling, I formed Soul Quest Church in approximately October 2014, and began offering services in March 2015.

17. Soul Quest Church is a recognized non-profit, religious entity that exists to spread the faith of the Spirit of Ayahuasca and the revealed teachings of the Ayahuasca Manifesto to the world.

18. A key aspect of the Soul Quest Church's faith and religious practice is our consumption of our sacramental tea. We believe that consumption of this tea brings us closer to the Divine.

19. As explained by my attorneys in the Verified Complaint, to which this Affidavit is attached, the Defendants have denied Soul Quest Church and me the ability to import, receive and prepare our sacramental tea.

20. The denial of access to our sacramental tea has had, and continues to have, a chilling effect upon our sincere, genuine religious practice.

21. On approximately August 1, 2016, I received a letter from the Defendants, inviting me to file for a religious exemption application to the Controlled Substances Act.

22. In an effort to ensure that we could continue to practice our religion, I retained counsel and sought to file a religious exemption application with the Defendants.

23. In August 2017, this religious exemption application was filed in accordance with what little information was available from the Defendants. Effectively, there was little guidance provided on how to file such an exemption application; likewise, despite a diligent search through legal counsel, there did not appear to be any standards promulgated by the Defendants regarding its review and consideration of the exemption application.

24. From that day through the present, I have heard nothing about the status of Soul Quest Church's religious exemption application. The Defendants have neither ruled upon the religious exemption application – or even bothered to advise my legal counsel about its status.

25. After months without any response or other communication from the Defendants, I requested my attorney call the Defendants for a status update and to see if we needed to do anything else.

26. Despite numerous telephone calls by my attorney, and the considerable passage of time, the Defendants have failed to process Soul Quest Church's exemption application.

27. In fact, the Defendants never even confirmed the receipt of Soul Quest Church's religious exemption application. It was only through an independent Freedom of Information Act request that I became aware that the Defendants had received Soul Quest Church's religious exemption application.

28. Likewise, due to the failure of the Defendants to issue specific policies and procedures regarding the methodology behind its consideration of religious exemption

applications, I fear that the Defendants will never issue a determination or – in the event one is eventually issued at some point in the indeterminate future – will arbitrarily deny the application based upon its lack of specific standards, allowing its decisionmakers wide (or, even, unlimited) discretion.

29. Without a religious exemption, Soul Quest Church and its members cannot practice our sincere religious beliefs without fear of arrest and prosecution.

30. Each day that passes without an exemption, we are denied access to our religious community and the truths of our religious experience.

31. The Defendants' arbitrary and capricious actions, taken with unfettered discretion, have denied me my rights to due process under the Fifth Amendment of the United States Constitution.

32. The Defendants' ongoing refusal to process, or even comment upon, Soul Quest Church's religious exemption application also denies Soul Quest Church its right to freedom of speech, as Soul Quest Church has had to stop proselytization efforts in order to avoid prosecution and arrest.

FURTHER AFFIANT SAYETH NAUGHT

As provided in 28 U.S.C. § 1746, I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this __15__ day of April, 2020.

CHRISTOPHER YOUNG