Exhibit 2



**U. S. Department of Justice**
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, Virginia 22152

www.dea.gov

AUG 0 1 2016

Oklevueha Native American Church Somaveda of Soul Quest Inc.
1794 Laurel Brook Loop
Casselberry, Florida 32707

To Whom it May Concern:

It has come to our attention that you are involved in offering "retreats" through your website, www.soulquest-retreat.com, at which you provide ayahuasca and other controlled substances to your clientele. As you are aware, ayahuasca contains the hallucinogen dimethyltryptamine ("DMT"), a substance that is listed on Schedule I of the Comprehensive Drug Abuse Prevention and Control Act of 1970, also known as the "Controlled Substances Act" ("CSA"), and its implementing regulations, 21 U.S.C. § 812(c)(I)(c)(9); 21 C.F.R. § 1308.11(d)(19). Your website also references the use of Sananga, which commonly contains ibogaine, another Schedule I hallucinogen, 21 U.S.C. § 812(c)(I)(c)(8); 21 C.F.R. § 1308.11(d)(21), and San Pedro, which contains mescaline, also a Schedule I hallucinogen, 21 U.S.C. § 812(c)(I)(c)(11); 21 C.F.R. § 1308.11(d)(24). Your website also contains a section explaining to potential clients that your provision of such substances at your retreats will be legal because it is exempt from federal controlled substance laws.

Under the CSA and its implementing regulations, Congress has prohibited the importation and distribution of Schedule I Controlled Substances except as authorized by law. 21 U.S.C. §§ 841(a), 952(a)(2), 960. Under the Religious Freedom Restoration Act (RFRA), Congress provided that the "Government shall not substantially burden a person's exercise of religion" unless the Government can demonstrate "that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1. These competing mandates require the DEA to consider the "application of the [CSA] to the person— the particular claimant whose sincere exercise of religion is being substantially burdened" and engage in a "case-by-case consideration of religious exemptions to generally applicable rules" so that it may "strike sensible balances" of interests based on "the particular practice at issue." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430, 437, 439 (2006).

The DEA has published guidance on our website for those who seek to petition for an exemption under RFRA, a copy of which is attached with this letter. We invite you to submit such a petition so that the DEA may consider it based on the specific facts regarding your plans to distribute controlled substances. We encourage you to file a petition and obtain a response to your request for an exemption before engaging in the distribution of DMT under the assumption that this conduct qualifies as an exempt religious exercise. If you are relying on something other than RFRA as authority to distribute controlled substances, we would welcome all of the facts and law that you would want the DEA to consider in determining whether such practices are lawful.

Oklevueha Native American Church Somaveda of Soul Quest Inc.

Page 2

We would be happy to answer any questions you might have about the petition process. Please contact James Arnold, Chief of Policy at the Liaison and Policy Section of the Office of Diversion Control at (202) 353-1414 if you have questions.

Sincerely,

Louis J. Milione
Deputy Assistant Administrator
Office of Diversion Control
Drug Enforcement Administration

Enclosure

cc: Oklevueha Native American Church Somaveda of Soul Quest Inc.,
1371 Hancock Lone Palm Road, Orlando, Florida 32828

The Thai Yoga Center, 5401 Saving Grace Lane, Brooksville, Florida 34602

## Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act

In recent years, the Drug Enforcement Administration (DEA) has seen an increase in requests from parties requesting religious exemptions from the Controlled Substances Act (CSA) to permit the use of controlled substances. The Religious Freedom Restoration Act (RFRA) provides that the "Government shall not substantially burden a person's exercise of religion" unless the Government can demonstrate "that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1. In *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 126 S.Ct. 1211 (2006), the Supreme Court held that government action taken pursuant to the CSA is subject to RFRA. In order to obtain an exemption under RFRA, a party must, as a preliminary matter, demonstrate that its (1) sincere (2) religious exercise is (3) substantially burdened by the CSA. 42 U.S.C. § 2000bb *et seq.*

The guidelines that follow are an interim measure intended to provide guidance to parties who wish to petition for a religious exemption to the CSA:

1. **Filing Address.** All petitions for exemption from the Controlled Substances Act under RFRA shall be submitted in writing to Joseph T. Rannazzisi, Deputy Assistant Administrator, Office of Diversion Control, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152.

2. **Content of Petition.** A petition may include both a written statement and supporting documents. A petitioner should provide as much information as he/she deems necessary to demonstrate that application of the Controlled Substances Act to the party's activity would (1) be a substantial burden on (2) his/her sincere (3) religious exercise. Such a record should include detailed information about, among other things, (1) the nature of the religion (*e.g.*, its history, belief system, structure, practice, membership policies, rituals, holidays, organization, leadership, *etc.*); (2) each specific religious practice that involves the manufacture, distribution, dispensing, importation, exportation, use or possession of a controlled substance; (3) the specific controlled substance that the party wishes to use; and (4) the amounts, conditions, and locations of its anticipated manufacture, distribution, dispensing, importation, exportation, use or possession. A petitioner is not limited to the topics outlined above, and may submit any and all information he/she believes to be relevant to DEA's determination under RFRA and the Controlled Substances Act.

3. **Signature.** The petition must be signed by the petitioner, who must declare under penalty of perjury that the information provided therein is true and correct. *See* 28 U.S.C. § 1746.

4. **Acceptance of Petition for Filing.** Petitions submitted for filing are dated upon receipt by DEA. If it is found to be complete, the petition will be accepted as filed, and the petitioner will receive notification of acceptance. Petitions that do not conform to this guidance will not generally be accepted for filing. A petition that fails to conform to this guidance will be returned to the petitioner with a statement of the reason for not accepting the petition for filing. A deficient petition may be corrected and resubmitted. Acceptance of a petition for filing does not preclude DEA from making subsequent requests for additional information.

5. **Requests for Additional Information.** DEA may require a petitioner to submit such additional documents or written statements of facts relevant to the petition as DEA deems necessary to determine whether the petition should be granted. It is the petitioner's responsibility to provide DEA with accurate contact information. If a petitioner does not respond to a request for additional information within 60 days from the date of DEA's request, the petition will be considered to be withdrawn.

6. **Applicability of DEA Regulations.** A petitioner whose petition for a religious exemption from the Controlled Substances Act is granted remains bound by all applicable laws and Controlled Substances Act regulations governing registration, labeling and packaging, quotas, recordkeeping and reporting, security and storage, and periodic inspections, among other things. *See* 21 C.F.R. §§ 1300-1316. A petitioner who seeks exemption from applicable CSA regulations (as opposed to the CSA itself) may petition under 21 C.F.R. § 1307.03. Such petition must separately address each regulation from which the petitioner seeks exemption and provide a statement of the reasons for each exemption sought.

7. **Activity Prohibited Until Final Determination.** No petitioner may engage in any activity prohibited under the Controlled Substances Act or its regulations unless the petition has been granted and the petitioner has applied for and received a DEA Certificate of Registration. A registration granted to a petitioner is subject to subsequent suspension or revocation, where appropriate, consistent with CSA regulations and RFRA.

8. **Final Determination.** After the filed petition—along with all submissions in response to any requests for additional information—has been fully evaluated, the Deputy Assistant Administrator of the Office of Diversion Control shall provide a written response that either grants or denies the petition. Except in the case of affirming a prior denial or when the denial is self-explanatory, the response shall be accompanied by a statement of reasons upon which the decision is based. This written response is a final determination under 21 U.S.C. § 877.

9. **Application of State and Other Federal Law.** Nothing in these guidelines shall be construed as authorizing or permitting any party to take any action which such party is not authorized or permitted to take under other Federal laws or under the laws of the State in which he/she desires to take such action. Likewise, compliance with these guidelines shall not be construed as compliance with other Federal or State laws unless expressly provided in such other laws.

2

# Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act

In recent years, the Drug Enforcement Administration (DEA) has seen an increase in requests from parties requesting religious exemptions from the Controlled Substances Act (CSA) to permit the use of controlled substances. The Religious Freedom Restoration Act (RFRA) provides that the "Government shall not substantially burden a person's exercise of religion" unless the Government can demonstrate "that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-l. In **Gonzales v. O Centra Espirita Beneficente Uniao do Vegetal,** 126 S.Ct. 1211 (2006), the Supreme Court held that government action taken pursuant to the CSA is subject to RFRA. In order to obtain an exemption under RFRA, a party must, as a preliminary matter, demonstrate that its (1) sincere (2) religious exercise is (3) substantially burdened by the CSA. 42 U.S.C. § 2000bb et seq.

The guidelines that follow are an interim measure intended to provide guidance to parties who wish to petition for a religious exemption to the CSA:

1. *Filing Address.* All petitions for exemption from the Controlled Substances Act under RFRA shall be submitted in writing to Susan A. Gibson, Deputy Assistant Administrator, Diversion Control Division, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152.

2. *Content of Petition.* A petition may include both a written statement and supporting documents. A petitioner should provide as much information as he/she deems necessary to demonstrate that application of the Controlled Substances Act to the party's activity would (1) be a substantial burden on (2) his/her sincere (3) religious exercise. Such a record should include detailed information about, among other things, (1) the nature of the religion (e.g., its history, belief system, structure, practice, membership policies, rituals, holidays, organization, leadership, etc.); (2) each specific religious practice that involves the manufacture, distribution, dispensing, importation, exportation, use or possession of a controlled substance; (3) the specific controlled substance that the party wishes to use; and (4) the amounts, conditions, and locations of its anticipated manufacture, distribution, dispensing, importation, exportation, use or possession. A petitioner is not limited to the topics outlined above, and may submit any and all information he/she believes to be relevant to DEA's determination under RFRA and the Controlled Substances Act.

3. *Signature.* The petition must be signed by the petitioner, who must declare under penalty of perjury that the information provided therein is true and correct. See *28 U.S.C. § 1746.*

4. *Acceptance of Petition for Filing.* Petitions submitted for filing are dated upon receipt by DEA. If it is found to be complete, the petition will be accepted as filed, and the petitioner will receive notification of acceptance. Petitions that do not conform to this guidance will not generally be accepted for filing. A petition that fails to conform to this guidance will be

Last updated: February 26, 2018

returned to the petitioner with a statement of the reason for not accepting the petition for filing. A deficient petition may be corrected and resubmitted. Acceptance of a petition for filing does not preclude DEA from making subsequent requests for additional information.

5. *Requests for Additional Information.* DEA may require a petitioner to submit such additional documents or written statements of facts relevant to the petition as DEA deems necessary to determine whether the petition should be granted. It is the petitioner's responsibility to provide DEA with accurate contact information. If a petitioner does not respond to a request for additional information within 60 days from the date of DEA's request, the petition will be considered to be withdrawn.

6. *Applicability of DEA Regulations.* A petitioner whose petition for a religious exemption from the Controlled Substances Act is granted remains bound by all applicable laws and Controlled Substances Act regulations governing registration, labeling and packaging, quotas, recordkeeping and reporting, security and storage, and periodic inspections, among other things. See *21 C.F.R. §§ 1300-1316*. A petitioner who seeks exemption from applicable CSA regulations (as opposed to the CSA itself) may petition under *21 C.F.R. § 1307.03*. Such petition must separately address each regulation from which the petitioner seeks exemption and provide a statement of the reasons for each exemption sought.

7. *Activity Prohibited Until Final Determination.* No petitioner may engage in any activity prohibited under the Controlled Substances Act or its regulations unless the petition has been granted and the petitioner has applied for and received a DEA Certificate of Registration. A registration granted to a petitioner is subject to subsequent suspension or revocation, where appropriate, consistent with CSA regulations and RFRA.

8. *Final Determination.* After the filed petition—along with all submissions in response to any requests for additional information—has been fully evaluated, the Deputy Assistant Administrator of the Diversion Control Division shall provide a written response that either grants or denies the petition. Except in the case of affirming a prior denial or when the denial is self-explanatory, the response shall be accompanied by a statement of reasons upon which the decision is based. This written response is a final determination under *21 U.S.C. § 877*.

9. *Application of State and Other Federal Law.* Nothing in these guidelines shall be construed as authorizing or permitting any party to take any action which such party is not authorized or permitted to take under other Federal laws or under the laws of the State in which he/she desires to take such action. Likewise, compliance with these guidelines shall not be construed as compliance with other Federal or State laws unless expressly provided in such other laws.

Last updated: February 26, 2018