**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| SOUL QUEST CHURCH OF MOTHER EARTH, INC. and CHRISTOPHER YOUNG, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  6:20-cv-701-WBB-DCI |
| vs. | ) | |
| | ) | |
| ATTORNEY GENERAL, UNITED STATES OF AMERICA and ACTNG ADMINISTRATOR, U.S. DRUG ENFORCEMENT ADMINISTRATION, | ) ) ) ) | **JOINT MOTION TO STAY ALL PROCEEDINGS FOR 120 DAYS** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## JOINT MOTION TO STAY ALL PROCEEDINGS FOR 120 DAYS

The Parties hereby jointly move for a 120-stay of all proceedings in this case to allow time for Defendant the U.S. Drug Enforcement Administration ("DEA") to conduct the fact-finding that is necessary for it to adjudicate Plaintiffs' pending petition for a religious exemption from the Controlled Substances Act ("CSA"), which is at issue in this litigation.  A 120-day stay would also allow time for the parties to negotiate the details of the DEA's fact-finding process and to negotiate a timeline upon which the DEA would issue a final determination on Plaintiffs' Petition, potentially resolving this case without need for further litigation in this Court.  The parties submit that good cause exists for the requested stay for the following reasons:

1.      On May 4, 2020, Plaintiffs filed an Amended Complaint for Declaratory and Permanent Injunctive Relief, ECF No. 13 ("Complaint"), and an Amended Petition for Preliminary Injunction, ECF No. 15.

2.      Plaintiff Soul Quest Church of Mother Earth, Inc. ("Soul Quest") alleges that it is a Christian syncretic religion based in Orlando, Florida, whose members "seek to practice their religious rituals, which involve the sacramental consumption of trace amounts of a Schedule 1 chemical" called dimethyltryptamine, which is regulated by the CSA.  Compl. ¶¶ 1, 3, 60.  Plaintiff Christopher Young is a member of Soul Quest.  *Id.* ¶ 2.

3.      The Defendants are the Attorney General of the United States and the Acting Administrator of the DEA.  Compl. ¶¶ 11-12.  The DEA considers applications for religious-based exemptions from the CSA pursuant to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.*, on a case-by-case basis.  *See* Ex. 11 to Am. Pet. for Prelim. Inj. (May 4, 2020), ECF No. 15-12.

4.      At issue in this litigation is a petition Plaintiffs have filed with the DEA for a religious exemption from the CSA pursuant to RFRA ("Petition").  *See* Compl. ¶ 14.  The Complaint alleges that the current absence of a final determination on the Petition constitutes an "effective denial" of that Petition that violates RFRA and the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.  *See, e.g.*, Compl. ¶¶ 3, 73.

5.      On May 14, 2020, the Parties filed a Joint Motion to Extend Defendants' Time to Respond to Plaintiffs' Amended Motion for Preliminary Injunction.  ECF No. 18.  The Parties explained that good cause existed for the requested extension, in part, because it would allow them "time to explore whether resolution is possible."  ECF No. 18 ¶ 3.

6.      On May 14, 2020, the Court entered an Endorsed Order granting the Parties' requested extension.  ECF No. 19.  Defendants' response to Plaintiffs' Amended Petition for Preliminary Injunction is currently due by June 17, 2020.

7.      On May 29, 2020, DEA issued an initial letter responding to Plaintiffs' Petition. The agency asserts it requires certain additional information in order to evaluate the Petition. (*See* Ex. A.)

8.      Since the Court granted the parties' requested extension, the Parties have continued to engage in good-faith negotiations regarding Plaintiffs' Petition and the course of this litigation.

9.      The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts generally examine three factors when determining whether to grant a stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court."  *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 2:16-CV-41-FTM-99MRM, 2018 WL 2455301, at *2 (M.D. Fla. June 1, 2018); *see, e.g.*, *Technocable Wiring Specialist, Inc. v. Genesis Networks Telecom Servs., LLC*, No. 8:16-CV-2590-T-35MAP, 2017 WL 7311851, at *1 (M.D. Fla. June 15, 2017) (granting a joint motion to stay because it would "promote efficiency, conserve both judicial and the Parties' resources, and potentially resolve the matter altogether").

10.     The Parties submit that the requested 120-stay could potentially simplify the issues in the case and reduce the burden of litigation on the parties and the Court, while not causing prejudice to either Party.  The requested stay would accomplish these goals by providing additional time for the Parties to further negotiate and for the DEA to conduct the necessary fact-finding process in an expeditious manner with the ultimate goal of issuing a final determination on Plaintiffs' Petition.

11.     If granted, the Parties resolve to take the following steps during the 120-day stay: (a) Plaintiffs will respond to DEA's May 29, 2020 request for additional information; (b) the Parties will continue to negotiate the process by which DEA will conduct the fact-finding necessary to evaluate Plaintiffs' Petition; (c) the Parties will continue to negotiate a timeline upon which DEA will agree to issue a final determination on Plaintiffs' Petition once DEA's fact-finding is completed; and (d) DEA will conduct and complete the fact-finding that is necessary for it to subsequently evaluate and issue a final determination on Plaintiffs' Petition.

12.     The Parties agree that if the stay is granted they will cooperate with each other in good faith and make all reasonable efforts within their control to ensure that the five steps described in Paragraph 11 are completed within the requested 120-day stay.  The Parties further propose that they submit a joint status report to this Court one week prior to the expiration of the stay to advise the Court of their progress, including whether DEA was able to complete its fact-finding with Plaintiffs' cooperation during the 120-day stay and whether additional time will be needed for DEA to issue a final determination on Plaintiffs' Petition in light of the facts collected.

13.     If the Parties' requested stay is denied, Defendants respectfully request in the alternative that the Court grant a 14-day extension of Defendants' deadline to respond to Plaintiffs' Amended Petition for Preliminary Injunction, ECF No. 15, from June 17, 2020 to July 1, 2020.  Counsel for Defendants conferred with counsel for Plaintiffs regarding this alternative request and counsel for Plaintiffs advised that Plaintiffs do not oppose Defendants' alternative request.

### Certificate of Compliance with Local Rule 3.01(g)

On June 12, 2020, the parties' undersigned counsel conferred in good faith regarding the relief requested by this joint motion.  During that conference, undersigned counsel for both parties agreed to join this joint motion for a 120-day of all proceedings on the terms described above.

For the foregoing reasons, the parties respectfully request that the Court enter a 120-day stay of all proceedings in this case.

Dated: June 15, 2020                                    Respectfully submitted,

/s/ Derek B. Brett                                       JOSEPH H. HUNT
DEREK B. BRETT, ESQ.                          Assistant Attorney General
Fla. Bar No. 0090750
BURNSIDE LAW GROUP                        BRIGHAM J. BOWEN
109 Ilsley Avenue, Suite 9                         Assistant Director
Halifax, Nova Scotia B3B 1S8
Telephone:     (902) 468-3066
Facsimile:     (902) 468-4803                     /s/ Kevin P. Hancock
Email: dbb@burnsidelaw.net                     KEVIN P. HANCOCK
Lead Counsel for Plaintiffs                         Trial Attorney
                                                                  U.S. Department of Justice
                                                                  Civil Division, Federal Programs Branch
/s/ A. Brian Phillips                                    1100 L Street NW
A. BRIAN PHILLIPS, ESQ.                       Washington, DC 20005
912 Highland Avenue                                 Tel.:     (202) 514-3183

Orlando, Florida 32803                          Fax:     (202) 616-8470
Telephone:     (407) 872-0777                   Email: kevin.p.hancock@usdoj.gov
Telecopier:     (407) 872-0704
Email: brian.phillips@phillips-law-firm.com     *Counsel for Defendants*
Local Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020, I electronically filed a copy of the foregoing Joint Motion to Stay All Proceedings for 120 Days.  Notice of the filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ *Kevin P. Hancock*
KEVIN P. HANCOCK