UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUL QUEST CHURCH OF MOTHER )
EARTH, INC., *et al.*, )
)
    Plaintiffs, )
)
vs. ) Case No.: 6:20-cv-00701-WWB-DCI
)
MERRICK B. GARLAND, Attorney )
General of the United States )
of America, *et al.*, )
)
    Defendants. )
_____ )

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT UNDER *FED.R.CIV.P.* 15

COME NOW, the Plaintiffs, Soul Quest Church of Mother Earth, Inc., and Christopher Young, by and through the undersigned counsel, and respectfully move, pursuant to *Fed. R. Civ. P.* 15 for leave to amend their complaint in the instant action. In support hereof, the Plaintiffs submit the following memorandum of law.

## MEMORANDUM OF LAW

*I.    Procedural and Factual Footing of Case*

The Plaintiffs instituted the instant action via complaint on April 22, 2020 and filed an Amended Complaint on May 4, 2020, for declaratory as well as preliminary and permanent injunctive relief. Dkts. 1 & 13. The organic claim of the Plaintiffs stems from the Defendants' failure to process the Plaintiffs' application for a religious exemption for the possession and use of certain controlled substances. *Id.* Said exemption application had been filed with the Defendants in August, 2017. *Id.* As the Defendants had failed to act for more than three years and given the wholesale absence of any established

administrative procedures for the handling and processing of exemption claims such as the one made by the Plaintiffs, the Plaintiffs sought relief from this Court to end the unfair and unlawful quashing of their Constitutional and statutory rights to freedom of religious expression.

Thereafter, and in order to seek a negotiated resolution of the judicial matter, the Plaintiffs and the Defendants sought and were granted a series of stays of this action. *E.g.*, Dkts 18 & 23. Said "process" ended on April 16, 2021, when the Defendants provided what it called a "final determination[,]" contrary to the facts, law, as well as the interests and goals of the Plaintiffs in the instant action. Consequently and in order to pursue the rightful treatment to which Plaintiffs claim entitlement, the instant action has returned to a matter of active litigation. In light of the Defendants' erroneous and unsupportable decision, the Plaintiffs now need to press their claims for relief in this proceeding. Consequently and in order to take in to account the developments since inception of the instant suit, amendment of the Plaintiffs' Amended Complaint is both necessary and appropriate to achieve the desired an appropriate end.

## II. Law and Analysis

A plaintiff is entitled to amend a pleading as a matter of right under *Fed. R. Civ. P.* 15(a)(1) within 21 days of service of Rule 12(b)(6) motion, otherwise a plaintiff may amend a "pleading only with the opposing party's written consent or the court's leave." *Fed. R. Civ. P.* 15(a)(2). Leave to amend is to be given freely "when justice so requires." *Id.* Absent a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"

the Court should grant leave "freely." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Herein, none of the above-described negative findings are present.

Of course, a plaintiff must describe the substance of his proposed amendments or attach a copy of the proposed second amended complaint. *E.g., Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (noting that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); *accord Doe v. Pryor,* 344 F.3d 1282, 1288 (11th Cir. 2003).[1]

Attached hereto as Exhibit A is the proposed Verified Second Amended Complaint which the Plaintiffs seek leave to file. Of note in the attached document, there are a number of material edits, additions, and deletions, including the following:

1. Paragraph seven (7) of the proposed Verified Second Amended Complaint now contains additional statutory authority. ;

2. Paragraph eight (8) of the proposed Verified Second Amended Complaint now contains allegations and additional authority regarding jurisdiction of the this Court to hear this action;

---

[1] It is expected that the Defendants will argue that 21 U.S.C. § 877 divests this Court of jurisdiction to hear the Plaintiffs' claims. However and as may be more deeply explored should the Defendants seek to advance such an novel argument based upon the facts in the case-at-bar, it is of note that although self-described as a "final determination[,]" the Defendants' decision is not "final" within the meaning of 21 U.S.C. § 877. *See, e.g., Bennett v. Spears*, 520 U.S. 154, 178 (1997). Even if "final[,]" the findings of fact therein (especially as it relates to the claimed absence of religious sincerity of the plaintiffs' beliefs) is not supported by any evidence, let alone the statutory mandate of "substantial evidence." 21 U.S.C. § 877. In all events, were this issue to arise, the Plaintiffs would seek leave to reply in the event that Defendants seek to escape review of their behavior via 21 U.S.C § 877.

3. Footnote one (1) of the proposed Verified Second Amended Complaint now alleges additional content regarding the lack of guidelines with respect to the submission of a religious exemption application;

4. Paragraph seventeen (17) of the proposed Verified Second Amended Complaint now alleges the updated procedural posture of the proceeding and historical information regarding the granting of religious exemption applications, generally;

5. Beginning in paragraph twenty-one (21) of the proposed Verified Second Amended Complaint now contains additional allegations regarding events which have transpired following the filing of the Amended Verified Complaint;

6. Paragraph thirty-four (34) of the proposed Verified Second Amended Complaint contains additional allegations regarding the DEA's "final determination" on the issue of religious sincerity;

7. Paragraph eighty-three (83) of the proposed Verified Second Amended Complaint contains additional allegations on the status of the original application for religious exemption, since the filing of the Amended Verified Complaint;

8. Paragraph eighty-four (84) of the proposed Verified Second Amended Complaint contains new allegations and details the Plaintiffs' position with respect to the negotiations that have occurred with respect to the instant matter;

9. Paragraph eighty-nine (89) of the proposed Verified Second Amended Complaint now included allegations including the Defendants' failure to abide by the requirements of the Administrative Procedure Act;

10. Paragraph ninety-three (93) of the proposed Verified Second Amended Complaint contains additional allegations with respect to the Defendants' denial of the Plaintiffs' application for religious exemption;

11. Paragraph one hundred and one (101) of the proposed Verified Second Amended Complaint contains additional allegations concerning the RFRA "guidelines'" and the Defendants' non-compliance with the Administrative Procedure Act;

12. Paragraph one hundred and four (104), and paragraphs one hundred and nine (109) through one hundred and twelve (112) of the proposed Verified Second Amended Complaint contains significant allegations regarding the status of the instant matter, the Plaintiffs' petition for religious exemption and the Defendants' decision making process, and the Defendants' failure to abide by the requirements of RFRA and the Administrative Procedure Act;

13. Paragraph one hundred and fourteen (114) of the proposed Verified Second Amended Complaint contains revised allegations on the Defendants' power (or lack thereof) to deny the Plaintiffs' application for religious exemption without the use of permissibly regulations and rules;

14. Paragraph one hundred and sixteen (116) of the proposed Verified Second Amended Complaint additionally described the Plaintiffs' allegations as to why the Defendants' "guidelines" should be deemed arbitrary; and

15. Paragraphs one hundred twenty (120) and one hundred twenty twenty-one (121) of the proposed Verified Second Amended Complaint contain new allegations concerning how the Defendants' denial through silence and inaction has functioned to burden the Plaintiffs' rights under the United States Constitution.

## CONCLUSION

WHEREFORE, the Plaintiffs, having met the standards for leave set forth in *Fed. R. Civ. P.* 15, seek leave to amend their Second Amended Verified Complaint (Exhibit A hereto) in the instant matter and for such other and further relief as the instant motion merits.

*- BALANCE OF PAGE LEFT INTENTIONALY BLANK -*

## Local Rule 3.01(g) Certification

The undersigned hereby certify that, pursuant to Local Rule 3.01(g), counsel for the Plaintiffs have conferred with counsel for the Defendants in a good faith effort to resolve the instant motion. However and during said conferral which was expressly conducted under *Local Rule* 3.01(g), counsel for the Defendants informed the undersigned that it is the policy of the office of counsel for the Defendants not to take any position whatsoever on amended pleadings until a review of the same. Consequently, and as the Plaintiffs have attached the proposed Second Amended Complaint hereto without prior provision of a draft to counsel for the Defendants, the Defendants have no position on the relief requested.

Respectfully submitted this ____ day of May 2021.

By: *s/Derek B. Brett*
**DEREK B. BRETT, ESQ.**
Fla. Bar No. 0090750
**BURNSIDE LAW GROUP**
109 Ilsley Avenue, Suite 9
Halifax, Nova Scotia B3B 1S8
Telephone:   (902) 468-3066
Facsimile:   (902) 468-4803
Email: dbb@burnsidelaw.net
Lead Counsel for Plaintiffs

s/A. Brian Phillips
**A. BRIAN PHILLIPS, ESQ.**
Fla. Bar No. 0067113
**A. BRIAN PHILLIPS, P.A.**
912 Highland Avenue
Orlando, Florida 32803
Telephone:   (407) 872-0777
Telecopier:   (407) 872-0704
Email: brian.phillips@phillips-law-firm.com
Local Counsel for Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 07, 2021, I electronically filed a copy of the foregoing Motion for Leave to File Amened Complaint will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                s/A. Brian Phillips
                                                A. BRIAN PHILLIPS, ESQ.