**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

_____
)
SOUL QUEST CHURCH OF MOTHER    )
EARTH, INC. and CHRISTOPHER     )
YOUNG,                          )
                                )
            Plaintiffs,         )
                                )   No.  6:20-cv-701-WBB-DCI
       v.                       )
                                )
MERRICK B. GARLAND, Attorney    )
General of the United States of America,  )
and D. CHRISTOPHER EVANS, Acting  )
Administrator of the U.S. Drug  )
Enforcement Administration,     )
                                )
            Defendants.         )
_____)

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO PLAINTIFFS' COMPLAINT AND PLAINTIFFS' RENEWED**
**PETITION FOR PRELIMINARY INJUNCTION**

Defendants, Merrick B. Garland, in his official capacity as United States Attorney

General, and D. Christopher Evans, in his official capacity as Acting Administrator, U.S.

Drug Enforcement Administration ("DEA"), hereby move the Court for a brief extension of

time to file defendants' responses to Plaintiffs' complaint and Plaintiffs' Renewed Petition

for Preliminary Injunction ("Plaintiffs' PI Motion"), ECF No. 31. Defendants respectfully

request that they be permitted until 21 days after the Court has ruled on Plaintiffs' Motion

for Leave to Amend Complaint Under _Fed.R.Civ.P._ 15 ("Plaintiffs' Motion for Leave to

Amend"), ECF Nos. 30 & 34, to respond to plaintiffs' complaint, and until 21 days after

the Court has ruled on Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits

Related to Amended Motion for Preliminary Injunction, ECF No. 33, to respond to

Plaintiffs' PI Motion. Plaintiffs do not oppose defendants' requests. In support of this motion, defendants state as follows:

1.      On May 4, 2020, Plaintiffs filed an Amended Complaint for Declaratory and Permanent Injunctive Relief, ECF No. 13 ("Complaint"), and an Amended Petition for Preliminary Injunction, ECF No. 15.

2.      Plaintiff Soul Quest Church of Mother Earth, Inc. ("Soul Quest") alleges that it is a Christian syncretic religion based in Orlando, Florida, whose members "seek to practice their religious rituals, which involve the sacramental consumption of trace amounts of a Schedule 1 chemical" called dimethyltryptamine, which is regulated by the CSA. Compl. ¶¶ 1, 3, 60. Plaintiff Christopher Young is a member of Soul Quest. *Id.* ¶ 2.

3.      The Defendants are the Attorney General of the United States and the Acting Administrator of the DEA. Compl. ¶¶ 11-12. The DEA considers applications for religious-based exemptions from the CSA pursuant to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.*  *See* Ex. 11 to Am. Pet. for Prelim. Inj. (May 4, 2020), ECF No. 15-12.

4.      At issue in this litigation is a petition Plaintiffs have filed with the DEA for a religious exemption from the CSA pursuant to RFRA ("Petition"). *See* Compl. ¶ 14. The operative Complaint alleges that the current absence of a final determination on the Petition constitutes an "effective denial" of that Petition that violates RFRA and the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. *See, e.g.*, Compl. ¶¶ 3, 73.

5.      On June 26, 2020, upon a joint motion by the parties, ECF No. 23, the Court stayed this case "to allow Defendants to conduct a factual investigation of Plaintiffs' claims and potentially resolve the underlying dispute." ECF No. 24.

6.      On November 2, 2020, the Court extended the stay "to allow Defendants to complete the factual investigation of Plaintiffs' claims and potentially resolve the underlying dispute." ECF No. 26.

7.      On February 23, 2021, the Court "continued the stay of this litigation pending the issuance of a final determination." ECF No. 28. The Court's order further stated that "Plaintiff shall notify this Court within fourteen days of the resolution of proceedings before the DEA." *Id.* Finally, the Court denied without prejudice Plaintiffs' Petition for Preliminary Injunction, ECF No. 2. *Id.*

8.       On April 16, 2021, DEA issued the Final Determination, denying Soul Quest's petition (attached hereto as Exhibit 1).

9.      On the same day that they filed their Motion for Leave to Amend, plaintiffs filed Plaintiffs' PI Motion. On May 10, 2021, defendants advised plaintiffs that Plaintiffs' PI Motion appeared to be out of compliance with Local Rule 3.01(a), and asked whether plaintiffs expect to re-file their deficient filing or seek leave to file an overlong brief. Plaintiffs stated that they intend to seek leave to file an overlong brief. The parties met and conferred on that request, and reached an agreement in which plaintiffs would not oppose the relief sought in the instant motion and defendants would not oppose the relief sought in Plaintiffs' Motion for Leave to Amend. Defendants note the Court's recent minute order, ECF No. 32, regarding the parties' obligation to meet and confer. Defendants, now having had an opportunity to review the proposed amendment, do not oppose its filing. *See* ECF No. 34. Through the agreement resulting from the meet-and-confer process, defendants also agreed not to oppose the relief sought in Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits Related to Amended Motion for

Preliminary Injunction, ECF No. 33.

10.     Unless and until the Court grants Plaintiffs' Motion for Leave to Amend, the Verified Amended Complaint for Declaratory and Permanent Injunction Relief ("First Amended Complaint"), ECF No. 13, remains the operative complaint in this case. In each of the five counts in the First Amended Complaint, plaintiffs' claim depends on DEA not yet having issued a final determination on the Petition. Now that the DEA has issued the Final Determination, dismissal of the First Amended Complaint is proper on the basis that each of these claims is now moot.

11.     On May 10, 2021, as defendants were preparing to submit the instant unopposed motion, the Court entered an Order directing defendants to "file a consolidated response to the Renewed Petition for Preliminary Injunction on or before May 21, 2021." ECF No. 35 ("Order").

12.     Defendants respectfully submit that filing a response to the currently operative First Amended Complaint prior to the Court's ruling on Plaintiffs' Motion for Leave to Amend would not serve judicial economy or conserve the Court's and the parties' resources. Moreover, Plaintiffs' proposed second amended complaint raises complex legal and factual issues, including jurisdictional issues, and the requested brief extension of time allow defendants sufficient opportunity to provide responses that may better aid the Court in its resolution of this matter. Further, Plaintiffs' proposed second amended complaint contains 40 pages of allegations and 10 exhibits numbering nearly 140 pages, the investigation of which will require significant time and attention by defendants. Accordingly, defendants respectfully request that the Court extend defendants' time to respond to the complaint until 21 days after the Court rules on Plaintiffs' Motion for Leave

4

to Amend. As noted above, plaintiffs consent to this requested relief.

12.    Relatedly, Defendants further respectfully request that the Court extend defendants' time to respond to Plaintiffs' PI Motion until 21 days after the Court rules on Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits Related to Amended Motion for Preliminary Injunction. As with the proposed second amended complaint, the requested brief extension of time allow defendants sufficient opportunity to provide a response that may better aid the Court in its resolution of this matter. Moreover, attached to Plaintiffs' PI Motion are 15 exhibits numbering nearly 150 pages, the investigation of which will require significant time and attention by defendants. Accordingly, defendants respectfully request that the Court extend defendants' time to respond to Plaintiffs' PI Motion until 21 days after the Court rules on Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits Related to Amended Motion for Preliminary Injunction. As noted above, plaintiffs consent to this requested relief.


Dated:  May 10, 2021                          Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Acting Assistant Attorney General

                                              BRIGHAM J. BOWEN
                                              Assistant Director
                                              Civil Division, Federal Programs Branch

                                              /s/ *Julie Straus Harris*
                                              JULIE STRAUS HARRIS
                                                   DC Bar # 1021928
                                              Senior Trial Counsel
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street NW, Room 11514
                                              Washington, D.C. 20005
                                              Tel: (202) 353-7633

Fax: (202) 616-8470
E-mail: julie.strausharris@usdoj.gov

*Counsel for Defendant*

**Certificate of Compliance with Local Rule 3.01(g)**

By videoconference on May 4, 2021, and by email on May 5, 6, 7, and 10, 2021,

undersigned counsel conferred in good faith regarding the relief requested by this motion.

Counsel for plaintiffs advised that plaintiffs do not oppose the relief sought in this motion

in accordance with the agreement of the parties described in ¶ 9 herein.

/s/ *Julie Straus Harris*
JULIE STRAUS HARRIS