Exhibit 4



**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530

---

**Kevin P. Hancock**
Trial Attorney

Tel:   (202) 514-3183
Fax:   (202) 616-8470
Email: Kevin.P.Hancock@usdoj.gov

June 4, 2020

**By Email**
**Confidential Rule 408 Settlement Communication**

Derek B. Brett, Esq.
Burnside Law Group
Park Central, Unit 9
109 Ilsley Avenue
Dartmouth, NS, Canada
B3B 1S8
dbb@burnsidelaw.com

A. Brian Phillips, Esq.
912 Highland Avenue
Orlando, Florida 32803
Brian.Phillips@phillips-law-firm.com

*Re:*  Soul Quest, et al. v. Barr, et al., *6:20-cv-701 (M.D. Fla.) – Supplemental information to our negotiations on June 1, 2020*

Dear Mr. Brett & Mr. Phillips:

    This letter follows our discussions on June 1, 2020 concerning the petition for religious exemption that you presented to the United States Department of Justice, Drug Enforcement Administration (DEA), on behalf of your client, Soul Quest Ayahuasca Church of Mother Earth, Inc. (Soul Quest), d/b/a the Soul Quest Ayahuasca Retreat and Wellness Center, as updated by the exhibits to the First Amended Complaint (FAC) and motion for preliminary injunction which you recently filed in the above-captioned matter.

    As discussed during that call, in exchange for Soul Quest's agreement to stay the litigation (including withdrawal of its preliminary injunction motion) DEA is willing to commit to responding to Soul Quest within 14 days of receiving Soul Quest's answers to the questions in DEA's letter to Soul Quest dated May 29, 2020. In its response, DEA would either: (a) start scheduling interviews, or (b) if necessary, request clarification regarding any of the answers in

Soul Quest's response prior to scheduling interviews. In addition, DEA would commit to providing Soul Quest a final determination on its petition within 75 days after DEA's fact-finding is complete, including any necessary interviews and site visit(s).

Also during our discussions, you stated that your clients had asked for additional information about the DEA pre-registration investigation process. In response, DEA has authorized DOJ to convey on their behalf the following information explaining the preregistration process:

> Registration is essential to the comprehensive regulatory scheme established by the Controlled Substances Act, as amended ("CSA" or "the Act"), 21 U.S.C. §§ 801 *et seq.* Under the CSA, the Attorney General, who has delegated this authority to DEA, must register an applicant to distribute or manufacture a Schedule I controlled substance unless it is determined that registration would be inconsistent with the public interest. *Id.*, § 823(b).[1] In determining the public interest, several factors must be considered, including, but not limited to, whether the applicant will maintain effective controls against diversion of the particular controlled substance into illicit channels and will be compliant with applicable state and federal laws and regulations. *Id.* DEA Diversion Investigators ("DIs") therefore routinely review applications for registration, including applications from doctors, pharmacies, distributors, importers/exporters, or manufacturers, gather relevant information, and inspect registrants' establishments. 21 C.F.R. § 1301.31. In the case of applications for exemption from aspects of the regulatory scheme on religious grounds, DEA must also determine pursuant to the Religious Freedom Restoration Act (RFRA) whether the applicant has established sincerity and the religious nature of the applicant's professed belief system and whether application to the applicant's religious practices of any specific requirement of the CSA's comprehensive regulatory system would substantially burden the applicant's religious exercise.

> If Soul Quest's responses to the questions posed in DEA's May 29, 2020 letter to you are sufficiently complete, DEA will then promptly initiate a preregistration investigation. Preregistration investigations are routinely conducted by DIs. Unlike Special Agents, who exercise federal peace officer powers, DEA DIs do not have the power to make arrests and do not carry firearms. And to be clear, preregistration investigations are not criminal investigations.[2]

---

[1] If, after considering the results of a preregistration inspection, DEA is unable to conclude that registration would be in the public interest, DEA must issue an Order to Show Cause why the application should not be denied. *See* 21 C.F.R. § 1309.46.

[2] Even though preregistration investigations are not criminal investigations, federal law makes it a criminal offense to make a false statement in matters of federal interest. 18 U.S.C. § 1001. DEA can therefore refer to appropriate authorities for criminal prosecution willfully false statements of material fact made to Diversion Investigators.

The Diversion Program Manager (DPM) for the DEA Miami Field Division will assign the investigation to a Diversion Group in DEA's Orlando District Office, as Soul Quest's location falls within that office's jurisdiction. After DEA receives complete answers to the questions in its May 29, 2020 letter to Soul Quest, a Diversion Investigator will promptly contact Soul Quest to schedule a series of interviews with Soul Quest leadership and individuals who have access to or responsibility for the import, storage, safekeeping, and distribution of the controlled substance. Counsel for Soul Quest are welcome to attend these interviews.

DI personnel will review Soul Quest's responses to the May 29, 2020 questions and ask follow-up questions. DI personnel will also discuss with Soul Quest, in detail, the regulatory requirements relating to record-keeping, security measures, and the process by which to obtain import permits. After assessing the adequacy of Soul Quest's existing and any planned additional security measures, the DIs may identify additional needed security measures and will schedule on-site inspections. Again, your counsel can be present for any on-site inspection.

Upon completion of the interviews and onsite inspections, the application will be forwarded to the Diversion Control Division in DEA Headquarters for review. After that review is complete, DEA will either issue Soul Quest appropriate DEA registration(s) or an Order to Show Cause why registration should not be denied.

I hope that this information I have conveyed on behalf of DEA addresses your questions concerning the DEA pre-registration investigation process. Please let me know if there is any additional information that would be helpful, and I look forward to your response.

Best regards,

Kevin P. Hancock