UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SOUL QUEST CHURCH OF MOTHER EARTH, INC., a Florida Domestic Non-Profit Corporation, on its own behalf and on behalf of its members; and CHRISTOPHER YOUNG, individually and as spiritual leader of Soul Quest Church of Mother Earth,<br><br>       Plaintiffs,<br><br>vs.<br><br>MERRICK B. GARLAND, Attorney General of the United States of America; D. CHRISTOPHER EVANS, Acting Administrator of the U.S. Drug Enforcement Administration,<br><br>       Defendants. | Case No.: 6:20-cv-00701-WWB-DCI |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RENEWED PETITION FOR PRELIMINARY INJUNCTION**

COME NOW, the Plaintiffs, by and through the undersigned counsel, who file the following reply in support of Plaintiffs' *Renewed Petition for Preliminary Injunction* (ECF No. 31) (hereinafter "*Motion for PI*"), and as grounds further state as follows:

Plaintiffs request that the Court set this matter for an evidentiary hearing. This is grave and urgent matter involving the Defendants' demolition of the religious freedoms of a small church. This case is at a crisis point precipitated by the Defendants' actions in – during the pendency of this litigation – unlawfully investigating and adjudicating the sincerity of Soul Quest Church of Mother Earth Inc.'s (hereinafter, "Soul Quest Church").

At the heart of the issue before the Court is Defendants' attempts to interfere with

1

and deny Soul Quest Church's religious exercise involving an Ayahuasca brew made from the *Banisteriopsis caapi* vine and the *Psychotria viridis* shrub, and widely used in ceremonial settings during religious exercise in the U.S. and beyond.[1] Religious exercise with Ayahuasca has been uniformly upheld by the courts. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006) (hereinafter, "*O Centro*"); *Church of the Holy Light of the Queen v. Mukasey*, 615 F. Supp. 2d 1210 (D. Or. 2009). As such, the DEA has consistently viewed religious exercise with Ayahuasca as a low law enforcement priority and one devoid of issues related to diversion, or health and safety to religious adherents or members of the general public.[2]

On April 16, 2021, during the pendency of this litigation, Defendants unlawfully adjudicated the sincerity of Soul's Quest' Church's religious beliefs and preemptively determined under the Religious Freedom Restoration Act (hereinafter, "RFRA") that prohibiting Soul Quest Church from religious exercise with Ayahuasca is the least restrictive means of furthering the government's compelling state interest in protecting the health and safety of religious adherents and preventing diversion of Ayahuasca into "illicit channels." *See* Drug Enforcement Administration's Religious Freedom Restoration Act Determination (April 16, 2021) (hereinafter, "DEA's RFRA Determination"), attached hereto as Plaintiffs' Exhibit No. 1.

According to the agency, DEA's RFRA Determination was issued "in accordance

---

[1] Ayahuasca contains small quantities of a Schedule I compound, dimethyltryptamine ("DMT"). 21 U.S.C. §812(c)(c)(6).

[2] *See, e.g., 2020 Drug Enforcement Administration National Drug Threat Assessment* (March 2021) (where religious exercise with ayahuasca is not identified as a threat) (https://www.dea.gov/sites/default/files/2021-02/DIR-008-21%202020%20National%20Drug%20Threat%20Assessment_WEB.pdf).

with the framework set forth in the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1; the Attorney General's guidance memorandum, 'Federal Law Protections for Religious Liberty' (October 6, 2017) ("AG Memorandum"); the Supreme Court decision in *O Centro, supra*; DEA's 'Guidance Regarding Petitions for Religious Exemption from the Controlled Substances Act Pursuant to the Religious Freedom Restoration Act'; and subsequent case law." *See* Plaintiffs' Exhibit No. 1, at 1.  However, no part of the DEA's framework empowers the agency to investigate, let alone adjudicate, the sincerity of Soul Quest's religious beliefs.³  *See Fulton v. City of Philadelphia*, 593 U.S. ____ (2021), ___ S.Ct. ___, WL2459253 (June 17, 2021), at *5  ("religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.") (*citing, Thomas v. Review Bd. of Ind. Employment Security Div.*, 450 U. S. 707, 714 (1981)).⁴

Unless enjoined by this Court, the DEA's RFRA Determination will have a

---

³ To the extent government Defendants may argue that the *DEA's RFRA Guidance* somehow provides the agency authority to adjudicate Soul Quest's religious sincerity, Defendants are in error.  The *DEA's RFRA Guidance* was not promulgated in accordance with the procedural requirements of the Administrative Procedures Act (or APA) and is therefore, non-binding, unenforceable, and lacks any force and effect of law. *See Western Radio Servs. Co. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1995), *cert. denied*, 519 U.S. 822 (1996); *accord McGrail & Rowley, Inc. v. Babbitt*, 986 F. Supp. 1386, 1393-94 (S.D. Fla. 1997) (holding the agency had failed to conform with APA procedural requirements and, consequently, such principles "lacks the force of law . . . .").

⁴ Because the DEA's RFRA Determination interprets RFRA which is a law of general applicability, and not DEA regulations, Defendants' determination of Soul Quest's religious sincerity is afforded no special deference or weight. *See Kisor v. Wilkie*, 588 U.S. ___, 139 S.Ct. 2400, 2414 ("Congress intended for courts to defer to agencies [only] when they interpret their own ambiguous rules."); *accord,* 5 U.S.C. §706(2)(A), (C) (authorizing courts to "set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" or otherwise "not in accordance with law.").

3

profound, chilling effect on Soul Quest's free exercise of religion. *See* Motion for PI, at 11-22. The DEA's RFRA Determination constitutes an absolute abridgement of Soul Quest's' religious liberty, and effectively coerces Plaintiffs to act contrary to their religious beliefs by threat of civil or criminal sanctions from DEA. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008); *accord, Fulton, supra*, ("[g]overnment fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature.") (citations omitted).

Notably, and contrary to *post-hoc* assertions of Defendants in their Opposition in Response brief (ECF No. 45), the Federal Controlled Substances Act (hereinafter "CSA") was <u>not</u> part of the DEA's framework for adjudicating Soul Quest Church's religious sincerity and preemptively determining that prohibiting Soul Quest's religious exercise with ayahausca is the least restrictive means of furthering governmental interests. *See* Plaintiffs' Exhibit No. 1; *compare,* Defendants' Response to PI at 1 ("[p]ursuant to that authority [in the CSA], DEA considers applications for religious exemption from the CSA."). In fact, there is nothing in the CSA that that empowers DEA, a law enforcement agency, to assess the sincerity of any religious activity and government Defendants have, until this litigation, taken the position that Congress did not authorize DEA to grant religious exemptions for ayahuasca under the CSA. *Compare Olsen v. DEA,* 878 F.2d 1458, 1460 (D.C. Cir. 1989) ("[a]ccording to the DEA, Congress intended no religious-use exemption from Controlled Substances Act proscriptions other than the peyote-use permission granted the Native American Church.").[5]

---

[5] With regard to the CSA, Congress empowered the DEA to grant limited exemptions to CSA prohibitions for the manufacture, distribution and dispensing of controlled substances utilizing a registration process. *See* 21 U.S.C. § 823. However, Congress

Further, Defendants' decision to administratively adjudicate Soul Quest Church's religious sincerity during the pendency of this litigation is all-the-more egregious when viewed in light of Department of Justice policies prohibiting government agencies from assessing the reasonableness of religious beliefs. As directed by former Attorney General Jeff Sessions,

> [The Religious Freedom Restoration Act] applies to all sincerely held religious beliefs, whether or not central to, or mandated by, a particular religious organization or tradition. Religious adherents will often be required to draw lines in the application of their religious beliefs, and government is **_not competent_** to assess the reasonableness of such lines drawn, **_nor would it be appropriate for government to do so_**. Thus, for example, a government administration **_may not second-guess_** the determination of a factory worker that, consistent with his religious precepts, he can work on a line producing steel that might someday make its way into armaments but cannot work on a line producing the armaments themselves. Nor may the Department of Health and Human Services second-guess the determination of a religious employer that providing contraceptive coverage to its employees would make the employer complicit in wrongdoing in violation of the organization's religious precepts.

*Federal Law Protections for Religious Liberty*, U.S. Attorney General Jeff Sessions, October 6, 2017, at 4. (Emphasis added).

Plaintiffs' challenge to DEA's RFRA Determination and adjudication of Soul Quest Church's religious sincerity is brought under RFRA and properly includes claims of Defendants' abrogation of other constitutionally protected rights. *See* Second Amended Complaint, at 32-39. RFRA not only provides the means for resolving Soul Quest's challenge to DEA's RFRA determination, but also provides this Court jurisdiction to

---

only authorized the DEA to register applicants engaged in "legitimate medical, scientific, research, and industrial purposes." *Id.* It did not authorize DEA to register religious activities, nor does the statute provide exemptions to CSA prohibitions for the exercise of religion.

5

resolve these claims.[6]

RFRA mandates that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb–1(a). The exercise of religion is defined broadly to include "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 USC § 2000bb-2(4) (emphasis supplied); *accord, Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014) (holding that RFRA's protections even extend to the religious beliefs of the owners of a for-profit corporation).

This expansion of RFRA's definition of religious exercise was passed in 2000 as part of the *Religious Land Use and Institutionalized Persons Act* and establishes that so long as Plaintiffs use of ayahuasca is religious in nature, even if it is not central to a religious belief, it qualifies as a religious exercise. Under this expansive framework provided by Congress, ceremonial use of ayahuasca is now a recognized, and protected, religious practice in the U.S. *See generally O Centro*, *supra*; *Church of the Holy Light of the Queen*, *supra*. As applied to Soul Quest, and because this is a civil matter, this Court should "accept as true" the assertion that Soul Quest's "beliefs are sincere and of a religious nature" when evaluating Plaintiffs' RFRA claim. *See Hobby Lobby,* 134 S. Ct. at 2805 (Ginsburg, J., dissenting) (quoting *United States v. Lee,* 455 U.S. 252, 263 n.2 (1981)). Thus, Soul Quest Church's claim of religious sincerity is ultimately a question of fact, and this Court has the ability to weigh witness credibility in that regard. *See U.S. v. Seeger,* 380 U.S. 163, 185 (1965).

---

[6] Defendants' arguments regarding jurisdictional matters under 21 U.S.C. §877 will be addressed in Plaintiffs' forthcoming Response in Opposition to Defendants' Motion to Dismiss. *See* Defendants' Response to PI at 6.

RFRA further mandates that the government may only substantially burden the free exercise of religion if it demonstrates: 1) a compelling governmental interest, and 2) it is the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb–1(b). Seizing shipments of ayahuasca or criminalizing the use, possession, and distribution of ayahuasca used for religious exercise have each been held to be as government actions which constitute a substantial burden to the exercise of religion. *See generally O Centro*, 546 U.S. 418; *Church of the Holy Light of the Queen, supra.* For this reason, Defendants' preemptive determination that prohibiting Soul Quest Church from religious exercise with Ayahausca is the least restrictive means of furthering alleged governmental interests in limiting harm to religious practitioners and preventing diversion is subject to strict scrutiny by this Court.

Respectfully submitted this 22d day of June 2021.

| | |
|---|---|
| **By:** */s/Derek B. Brett* | */s/A. Brian Phillips* |
| **DEREK B. BRETT, ESQ** | **A. BRIAN PHILLIPS, ESQ.** |
| Fla. Bar No. 0090750 | Fla. Bar No. 0067113 |
| **BURNSIDE LAW GROUP** | **A. BRIAN PHILLIPS, P.A.** |
| 109 Ilsley Avenue, Suite 9 | 912 Highland Avenue |
| Halifax, Nova Scotia B3B 1S8 | Orlando, Florida 32803 |
| Telephone:   (902) 468-3066 | Telephone:   (407) 872-0777 |
| Facsimile:    (902) 468-4803 | Telecopier:   (407) 872-0704 |
| dbb@burnsidelaw.net | Brian.Phillips@phillips-law-firm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 22d day of June, 2021, the undersigned electronically filed the foregoing with theClerk of Court using the CM/ECF system, which will send notification of the same via email to the designated counsel for the Defendants, Julie Straus Harris, Esq. and Michael Gaffney, Esq.

**By:** */s/Derek B. Brett*
**DEREK B. BRETT, ESQ.**