**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| SOUL QUEST CHURCH OF MOTHER EARTH, INC. and CHRISTOPHER YOUNG, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 6:20-cv-701-WBB-DCI |
| v. | ) ) ) | |
| MERRICK B. GARLAND, Attorney General of the United States of America, and ANNE MILGRAM, Administrator of the U.S. Drug Enforcement Administration,[1] | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**UNOPPOSED MOTION FOR EXTENSIONS OF TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND PLAINTIFFS' ANTICIPATED RENEWED PETITION FOR PRELIMINARY INJUNCTION**

Defendants, Merrick B. Garland, in his official capacity as United States Attorney General, and Anne Milgram, in her official capacity as Administrator, U.S. Drug Enforcement Administration ("DEA"), hereby move the Court for extensions of time to file Defendants' responses to Plaintiffs' proposed third amended complaint and to Plaintiffs' anticipated renewed motion for a preliminary injunction. As to Plaintiffs' proposed third amended complaint, Defendants respectfully request a 20-day extension to respond such that their response would be due 34 days after the Court rules on Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Complaint, ECF Nos. 56, 56-1. As to

---

[1] Anne Milgram has been substituted for D. Christopher Evans as defendant in her official capacity in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiffs' anticipated renewed petition for a preliminary injunction, the parties have previously agreed that, "in light of the threshold jurisdictional arguments raised by the Defendants," the "Court should rule on the Defendants' Motion to Dismiss prior to hearing argument on Plaintiffs' Renewed Motion for Preliminary Injunction." ECF No. 50 at 2. Accordingly, Defendants request that their response to Plaintiffs' anticipated renewed motion for a preliminary injunction be due 21 days after the Court has ruled on Defendants' forthcoming motion to dismiss. Plaintiffs consent to both of Defendants' requests. In support of this motion, Defendants state as follows:

1. On May 4, 2020, Plaintiffs filed an Amended Complaint for Declaratory and Permanent Injunctive Relief, ECF No. 13 ("First Amended Complaint" or "FAC"), and an Amended Petition for Preliminary Injunction, ECF No. 15.

2. At issue in this litigation is a petition Plaintiffs have filed with the DEA for a religious exemption from the CSA pursuant to RFRA ("Petition"). *See* FAC ¶ 14.

3. In Plaintiffs' First Amended Complaint, they alleged that the absence of a final determination on Plaintiffs' Petition constituted an "effective denial" of that Petition that violated RFRA and the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. *See, e.g.*, FAC ¶¶ 3, 73.

4. On June 26, 2020, upon a joint motion by the parties, ECF No. 23, the Court stayed this case "to allow Defendants to conduct a factual investigation of Plaintiffs' claims and potentially resolve the underlying dispute." ECF No. 24; *see also* ECF Nos. 26, 28.

5. On April 16, 2021, DEA issued the Final Determination, denying Soul Quest's petition. ECF No. 38-1.

6. On May 7, 2021, Plaintiffs filed a Motion for Leave to Amend along with their

proposed Second Amended Complaint. ECF Nos. 30, 30-1. The same day, Plaintiffs filed a Renewed Petition for a Preliminary Injunction. ECF No. 31. After the parties conferred, on May 10, 2021, Plaintiffs filed an Unopposed Motion for Leave to Amend along with their proposed Second Amended Complaint. ECF Nos. 39, 39-1.

7. On June 1, 2021, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. ECF No. 44. Defendants also filed their Response in Opposition to Plaintiffs' Renewed Petition for Preliminary Injunction. ECF No. 45.

8. On June 22, 2021, Plaintiffs filed an Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. ECF No. 50. In that motion, Plaintiffs sought a 20-day extension to file their opposition to Defendants' motion to dismiss. The Court granted Plaintiffs' motion, extending Plaintiffs' deadline to July 12, 2021. ECF No. 51.

9. On July 12, 2021, without seeking leave to amend, Plaintiffs filed a "Third Amended, Verified Complaint" with twelve exhibits. ECF No. 54. Plaintiffs did not confer with Defendants prior to filing their proposed third amended complaint.

10. On July 12, 2021, Plaintiffs also filed their Response in Opposition to Defendants' Motion to Dismiss Second Amended Complaint. ECF No. 55.

11. On July 13, 2021, the parties conferred. Defendants informed Plaintiffs that their Response in Opposition to Defendants' Motion to Dismiss was five pages too long. *See* M.D. Fla. R. 3.01(b). Defendants also requested that Plaintiffs seek leave to file their proposed third amended complaint. Plaintiffs agreed to do so. Plaintiffs also agreed that, if the Court grants Plaintiffs leave to file their proposed third amended complaint, Defendants' Motion to Dismiss would be rendered moot because Plaintiffs' proposed third

3

amended complaint sets forth different claims than those alleged in the Second Amended Complaint.

12. On July 14, 2021, the parties conferred again. Defendants requested that Plaintiffs consent to a motion by Defendants for a 20-day extension of the deadline to respond to Plaintiffs' proposed Third Amended Complaint such that their response would be due 34 days after the Court rules on Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Complaint. Plaintiffs consented to Defendants' request. Defendants further requested that, in light of the parties' earlier agreement that Defendants' Motion to Dismiss be ruled on prior to hearing argument on Plaintiffs' Renewed Motion for Preliminary Injunction, *see* ECF No. 50 at 2, and in the event Defendants' forthcoming motion to dismiss is denied, Plaintiffs would consent to a motion by Defendants to extend Defendants' deadline to respond to Plaintiffs' anticipated renewed motion for a preliminary injunction until 21 days after the Court has ruled on Defendants' motion to dismiss. Plaintiffs consented to this request as well. As a result of Plaintiffs' consent to Defendants' two requested extensions, Defendants agreed not to oppose Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Complaint.[2]

13. Defendants respectfully request that the Court grant them a 20-day extension of time to respond to Plaintiffs' proposed third amended complaint. The requested extension is warranted here. Plaintiffs' proposed third amended complaint raises complex legal and factual issues, including jurisdictional issues and a new claim not previously asserted, and the requested brief extension of time would allow Defendants

---

[2] The parties also agreed that, should Plaintiffs seek an extension of time to respond to Defendants' forthcoming motion to dismiss, Defendants would consent to a motion by Plaintiffs to extend that deadline by 20 days.

4

sufficient opportunity to provide responses that may better aid the Court in its resolution of this matter. Further, Plaintiffs' proposed third amended complaint contains 40 pages of allegations and 12 exhibits numbering more than 100 pages, the investigation of which will require significant time and attention by Defendants. Accordingly, Defendants respectfully request that the Court extend Defendants' time to respond to the complaint by 20 days such that their response would be due 34 days after the Court rules on Plaintiffs' Motion for Leave to Amend Plaintiffs' Second Amended Complaint. As noted above, Plaintiffs consent to this requested relief.

14. Relatedly, Defendants further respectfully request that the Court extend Defendants' time to respond to Plaintiffs' anticipated renewed motion for a preliminary injunction until 21 days after the Court rules on Defendants' forthcoming motion to dismiss. As explained above, the parties have agreed that, "in light of the threshold jurisdictional arguments" to be raised in Defendants' forthcoming motion to dismiss Plaintiffs' proposed third amended complaint, the Court should rule on Defendants' forthcoming motion to dismiss prior to adjudicating Plaintiffs' anticipated renewed motion for a preliminary injunction. *See* ECF No. 50 at 2. The parties' proposed sequencing will ensure efficient use of the Court's and the parties' resources, including by avoiding further briefing on the Plaintiffs' anticipated renewed motion for a preliminary injunction should the Court grant Defendants' forthcoming motion to dismiss. As noted above, Plaintiffs consent to this requested relief.

Dated: July 15, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director
Civil Division, Federal Programs Branch

JULIE STRAUS HARRIS
    DC Bar # 1021928
Senior Trial Counsel

/s/ *Michael J. Gaffney*
MICHAEL J. GAFFNEY
    DC Bar # 1048531
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11514
Washington, D.C. 20005
Tel: (202) 514-2356
Fax: (202) 616-8470
E-mail: Michael.J.Gaffney@usdoj.gov

*Counsel for Defendants*

**Certificate of Compliance with Local Rule 3.01(g)**

By email on July 13, 14, and 15, 2021, undersigned counsel conferred in good faith regarding the relief requested by this motion. Counsel for Plaintiffs advised that Plaintiffs consent to the relief sought in this motion in accordance with the agreement of the parties described in ¶¶ 12-13 herein.

/s/ *Michael J. Gaffney*
MICHAEL J. GAFFNEY