UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUL QUEST CHURCH OF MOTHER )
EARTH, INC., *et al.*, )
)
    Plaintiffs, )
)
vs. ) Case No.: 6:20-cv-00701-WWB-DCI
)
MERRICK B. GARLAND, Attorney )
General of the United States )
of America, *et al.*, )
)
    Defendants. )
_____)

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed.R.Civ.P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

    The parties conducted the planning conference by telephone on 02/10/22. Derek Brett, A. Brian Phillips, Julie Straus Harris, and Michael J. Gaffney attended the conference.

**2. Deadlines and Dates**

    The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed.R.Civ.P. 26(a)(1). | 03/17/2022 |

| | |
|---|---|
| Deadline for moving to join a party, see Fed.R.Civ.P. 14, 19, and 20, or amend the pleadings, see Fed.R.Civ.P. 15(a). | 05/01/2022 |
| Plaintiff's deadline for disclosing any expert report. See Fed.R.Civ.P. 26(a)(2). | 11/10/2022 |
| Defendant's deadline for disclosing any expert report. | 12/15/2022 |
| Deadline for disclosing any rebuttal expert report. | 01/19/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. See Fed.R.Civ.P. 37; *Middle District Discovery* (2021). | 11/10/2022 |
| Deadline for moving for class certification, if applicable. See Fed.R.Civ.P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. See Fed.R.Civ.P. 56. (Must be at least five months before requested trial date.) | 02/02/2023 |
| Deadline for participating in mediation. See Local Rules, ch. 4. The parties request the Court to appoint a magistrate to preside over mediation. | 10/03/2022 |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | 05/15/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. See Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 05/22/2023 |
| Date of the final pretrial conference. See Fed.R.Civ.P. 16(e); Local Rule 3.06(b). | 06/05/2023 |
| Month and year of the trial term. | July 2023 |

The trial will last approximately 4-5 days and be

☐ jury.

☒ non-jury.

2

3.  **Description of the Action**

    Plaintiffs allege that the Drug Enforcement Administration violated the Religious Freedom Restoration Act, Administrative Procedure Act, and First Amendment in denying Plaintiffs' petition for a religious exemption to the Controlled Substances Act for purposes of importing, distributing, and using ayahuasca. Plaintiffs seek declarative and injunctive relief.

4.  **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5.  **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6.  **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

    ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☒ The parties do request a preliminary pretrial conference, and the parties want to discuss: the need for, scope of, and timing of discovery in this matter.

3

8.  **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9.  **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

        ☒ Yes.
        ☐ No; instead, the parties agree to these changes: enter changes.

    B.  Discovery may be needed on these subjects: the scope of the Defendants' professed policies on religious exemptions to the Controlled Substances Act; the scope of the Defendants' compliance – or lack thereof – to the Religious Freedom Restoration Act; the qualifications of Defendants' agents to render any determination under any professed religious exemption policy. Defendants' position is that the matter should be decided solely on the basis of the administrative record before DEA at the time of its April 16, 2021 decision, as stated in Section 10 below, and thus no discovery is needed; however, in the event the Court disagrees with Defendants' position, discovery may be needed regarding: the religious sincerity of Plaintiffs' practices; Plaintiffs' screening procedures; Plaintiffs' health and medical procedures; Plaintiffs' controls against diversion of ayahuasca and/or its component parts; the sources and means of Plaintiffs' acquisition of ayahuasca and/or its component parts; Plaintiffs' ayahuasca distribution policies.

    C.  Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes; describe the suggested phases.

    D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒  No.
      ☐  Yes; describe the issue(s).

E.   ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒  No.
      ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Defendants unilaterally request special handling. Specifically, Defendants believe a case management conference to discuss case management issues, including the need for, scope of, and timing of discovery in this matter, would aid the parties and the Court and promote judicial economy. Defendants note that the parties disagree as to whether any discovery is appropriate or whether the matter should be decided solely on the basis of the administrative record before DEA at the time of its April 16, 2021 decision. Moreover, because resolution of Defendants' pending Motion to Dismiss and Plaintiffs' Motion for a Preliminary Injunction may inform the need for and scope of discovery in this matter, Defendants respectfully submit that all discovery obligations and deadlines should be stayed pending the Court's resolution of those motions, and respectfully request that a preliminary pretrial conference be scheduled for a reasonable time after the Court has decided those two motions  The Plaintiffs request that, in the event that the Court grant the Defendants' request to stay discovery obligations and deadlines, that all such deadlines be subject to further reconsideration and rescheduling if such would prejudice or otherwise inhibit the ability of the Plaintiffs to fulfill its discovery obligations and deadlines.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

| | |
|---|---|
| */s/Derek B. Brett*<br>**DEREK B. BRETT, ESQ.**<br>Fla. Bar No. 0090750<br>**BURNSIDE LAW GROUP**<br>109 Ilsley Avenue, Suite 9<br>Halifax, Nova Scotia B3B 1S8<br>Telephone: (902) 468-3066<br>Telecopier: (902) 468-4803<br>Email: dbb@burnsidelaw.net<br>Lead Counsel for Plaintiffs<br><br>Date: February 16, 2022<br><br>*/s/A. Brian Phillips*<br>**A. BRIAN PHILLIPS, ESQ.**<br>Fla. Bar No. 0067113<br>**A. BRIAN PHILLIPS, P.A.**<br>912 Highland Avenue<br>Orlando, Florida 32803<br>Telephone: (407) 872-0777<br>Telecopier: (407) 872-0704<br>Email:<br>brian.phillips@phillips-law-firm.com<br>Local Counsel for Plaintiffs<br><br>Date: February 16, 2022 | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>BRIGHAM J. BOWEN<br>Assistant Director<br>Civil Division, Federal Programs Branch<br><br>*/s/ Julie Straus Harris*<br>JULIE STRAUS HARRIS<br>Senior Trial Counsel<br>(DC Bar # 1021928)<br><br>MICHAEL J. GAFFNEY<br>Trial Attorney<br>(DC Bar # 1048531)<br><br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, D.C. 20005<br>Tel: (202) 514-2356<br>Fax: (202) 616-8460<br>Email: Michael.J.Gaffney@usdoj.gov<br><br>*Counsel for Defendants*<br><br>Date: February 16, 2022 |